UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DONNA M. DUKES and GORDON DUKES,
parents of D.D., S.D. minor children,

      For Online Publication Only

      **MEMORANDUM & ORDER**
      20-CV-4532 (JMA) (ST)

           Plaintiffs,

   -against-

COLD SPRING HARBOR CENTRAL SCHOOL
DISTRICT BOARD OF EDUCATION, ELEANOR
FULLER, CSHCSD MCKINNEY-VENTO HOMELESS
LIASON, NEW YORK STATE EDUCATION
DEPARTMENT ACTING COMMISSIONER,
DR. BETTY ROSA, NYSED,

           Defendants.
-------------------------------------------------------------------X
**AZRACK, United States District Judge:**

On September 23, 2020, pro se plaintiffs Donna M. Dukes and Gordon Dukes, parents of minor children D.D. and S.D., ("Plaintiffs") commenced this action against defendants Cold Spring Harbor Central School District Board of Education (the "School District"), Eleanor Fuller (School District McKinney-Vento Homeless Liaison), Dr. Betty A. Rosa (Acting Commissioner of the New York State Education Department), and the New York State Education Department ("NYSED") (collectively, "Defendants"). Plaintiffs allege that their two children, S.D and D.D., have been denied appropriate accommodations pursuant to the McKinney-Vento Homeless Assistance Act ("McKinney-Vento Act"), 42 U.S.C. §§ 11431-11435. (ECF No. 1.) Plaintiffs also filed an application for an order to show cause why a preliminary injunction or temporary restraining order ("TRO") to enjoin Defendants from excluding their minor child, S.D., from the School District should not be issued, and a motion for leave to proceed in forma pauperis. (ECF

1

No. 3.) The Court issued an order to show cause and granted Plaintiffs' motion to proceed <u>in forma pauperis</u>. (Electronic Order, 9/25/2020.) Defendants responded, opposing the request for a preliminary injunction and TRO and arguing that the action should be dismissed. (ECF Nos. 9–13, 16.) For the following reasons, the Court **DENIES** Plaintiffs' request for a preliminary injunction or TRO.

## I. BACKGROUND

**A. <u>The McKinney-Vento Act</u>**

The McKinney-Vento Act provides funding to states to ensure that homeless children have "equal access to the same free, appropriate public education." 42 U.S.C. § 11431(1). New York's Education Law § 3209 enacts the requirements of the McKinney-Vento Act. Education Law § 3209 requires that each school district provide tuition-free education to a homeless child who does not live within a district if that district is the child's "school district of origin" and the child's attendance is consistent with the child's best interest. N.Y. Educ. L. § 3209(2)(f). A child is "homeless" if the child lacks a "fixed, regular, and adequate night-time residence," such as when a child is "sharing the housing of other persons due to a loss of housing, economic hardship or a similar reason" or living in a motel or hotel "due to the lack of alternative adequate accommodations." N.Y. Educ. L. § 3209(1)(a)(1). A child's "school district of origin" is the district where the child attended or was entitled to attend public schools when the child became homeless, "which is different from the school district of [the child's] current location." N.Y. Educ. L. § 3209(1)(c).

Under the McKinney-Vento Act, if there is a dispute regarding a child's eligibility to attend a school, the child's parent must be referred to the liaison who "shall carry out the [state's] dispute resolution process . . . as expeditiously as possible after receiving notice of the dispute." 42 U.S.C.

§ 11432(g)(3)(E)(iii).  New York's dispute resolution process is set forth in 8 N.Y.C.R.R. § 100.2(x)(7).  That regulation states that a parent who disputes a school district's determination is entitled to the assistance of the district's liaison to appeal the determination to the Commissioner of Education under Education Law § 310.  8 N.Y.C.R.R. § 100.2(x)(7)(iii)(c).

The McKinney-Vento Act and New York's Education Law also contain "pendency provisions."  The federal pendency provision states that, "if a dispute arises," the child "shall be immediately enrolled in the school in which enrollment is sought, pending final resolution of the dispute, including all available appeals."  42 U.S.C. § 11432(g)(3)(E)(i).  The state pendency provision states that each school district "shall immediately enroll the child or youth in the school in which enrollment is sought pending final resolution of the dispute. . . including all available appeals within the local educational agency and the commissioner  [under Education Law § 310]."  N.Y. Educ. L. § 3209(5).

## B. The Underlying Litigation in State Court

The following facts are taken from the complaint, Plaintiffs' application for a preliminary injunction or TRO, and judicially noticed records of related state court proceedings.  See Blue Tree Hill Inv. (Can.) Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) (taking judicial notice of state court records).

In 2014, Plaintiffs enrolled their children in the School District.  (ECF No. 10-2, Supreme Court, Albany County June 8, 2020 Decision (the "2020 State Court Decision") at 3.)  In 2016, Plaintiffs were evicted from their residence in the School District and moved to a residence in Melville, New York, which was outside of the School District.  (Id.)  In 2016, 2017, and 2018, Plaintiffs enrolled their children in the School District, alleging that their children were homeless and, therefore, entitled to attend school in the School District.  (Id.)  Each year the School District

determined that Plaintiffs' children were not homeless, and each year Plaintiffs filed administrative appeals to the New York State Commissioner of Education ("Commissioner of Education"). In each of the three appeals, the Commissioner of Education affirmed the School District's determinations that the children were not homeless because their residence was fixed, regular, and adequate. (Id.) During the administrative appeals, the children remained enrolled in the School District pursuant to the pendency provisions of the McKinney-Vento Act and Education Law § 3209. (ECF No. 10-4 at 53-54, Supreme Court, Albany County June 26, 2019 Decision.) In 2018, Plaintiffs commenced an Article 78 proceeding challenging the Commissioner of Education's decision in New York State Supreme Court. (Id.) The Court granted a TRO pending resolution of the proceeding pursuant to the pendency provisions of the McKinney-Vento Act and Education Law § 3209. (Id. at 54.) That Article 78 proceeding was dismissed in June 2019 and the TRO was vacated. (Id. at 57.)

In August 2019, at the start of the 2019-2020 school year, Plaintiffs again sought to enroll their children in the School District on the ground that they were homeless. According to the 2020 State Court Decision, the record showed that the School District held a "residency meeting" in August 2019 with Donna M. Dukes and Defendant Fuller. (Id. at 7.) During this meeting, Donna M. Dukes alleged that the family had moved in with their adult daughter. Plaintiff acknowledged that the housing arrangement was suitable, livable, and without destitute circumstances and at that time, she also denied being homeless due to economic circumstances. (Id.) Donna M. Dukes also stated that the family sometimes stayed at hotels for the purpose of reducing family discord. The School District requested supporting documentation, but Plaintiffs refused to provide the School District with the name or address of their adult daughter or any other family member with whom they alleged to have stayed. (Id.) The only documents Plaintiffs provided were a nearly

completely redacted copy of a hotel receipt showing a total of sixteen nights without specific dates, and a receipt for a storage unit at an unspecified location. (Id.) Plaintiffs also refused to permit any home visit by the School District. (Id.) A private investigator hired by the School District observed the family and concluded that Plaintiffs "reside in their own apartment located in [an apartment complex in Melville], the same complex in which their adult daughter was residing and where Plaintiffs resided following their eviction in December 2016." (Id. at 9-10.)

After the School District again found that the students were not homeless, Plaintiffs pursued their fourth administrative appeal to the Commissioner of Education. (Id.) On November 26, 2019, the Commissioner of Education issued a decision finding that Plaintiffs' children were not homeless as defined under the McKinney-Vento Act and, therefore, not entitled to attend school in the School District. (Id.) Specifically, the Commissioner of Education found that: "the family was not homeless [and that] that the family did not lack a fixed, regular and adequate nighttime residence." (Id. at 5.)

Plaintiffs then filed another Article 78 proceeding, challenging the determination of the Commissioner of Education. Plaintiffs also filed a TRO, which the Supreme Court, Albany County granted pursuant to the pendency provisions of the McKinney-Vento Act and Education Law § 3209. (Id. at 4 n.1.) The TRO prevented the School District from disenrolling the children pending the determination of the Article 78 proceeding. (Id. at 4.) On June 8, 2020, the Supreme Court, Albany County issued the 2020 State Court Decision, which dismissed the Article 78 proceeding and affirmed the Commissioner of Education's decision, finding that "the record amply supports the Commissioner's conclusion that the family or children did not lack a fixed, regular or adequate residence within the meaning of McKinney-Vento or the Education Act." (Id. at 11.)

The 2020 State Court Decision also vacated the previously entered TRO effective the last day of the 2019-2020 school year. (Id.)

Plaintiffs then filed a notice of appeal of the 2020 State Court Decision on August 13, 2020 in the Appellate Division, Third Department ("Appellate Division"). (ECF No. 10-3.) On September 16, 2020, Plaintiffs also filed an order to show cause in the Appellate Division for a TRO, the same relief requested in this Court, as well as a stay pending the appeal, which would allow their child, S.D., to remain in the School District until the Appellate Division issues a decision on the appeal. (ECF No. 10-4.) On September 18, 2020, the Appellate Division denied Plaintiffs' requested TRO. (ECF No. 13 at 9.) On October 22, 2020, the Appellate Division denied Plaintiffs' request to stay the case pending appeal. (ECF No. 16.) The appeal of the 2020 State Court Decision remains currently pending before the Appellate Division. (ECF No. 10 at ¶ 3.)

## C. **Plaintiffs' Allegations in This Action**

On September 23, 2020, five days after the Appellate Division denied the requested TRO, Plaintiffs commenced the instant action. In the complaint, Plaintiffs allege that the School District has denied their children, S.D and D.D., reasonable accommodations under the McKinney-Vento Act, including allowing the children to enroll in the School District and providing transportation to school[1]. (ECF No. 1 at 3.) Plaintiffs concede that D.D. has already graduated from high school, but allege that S.D., who is middle-school aged, has not been able to attend school in the School District this school year. (Id.) Plaintiffs also complain about the School District's conduct in making the determination that the children were homeless, stating: "It is wrong to require such as landlord letters, receipts, home visit of people who have provided shelter . . ." (Id. at 6.) Plaintiffs

---

[1] In the complaint, Plaintiffs also list the following as bases for federal question jurisdiction, but do not make any further allegations regarding these statutes, regulations, and case law: FERPA 20 U.S.C. § 1232g; 34 CFR Part 99; Brown v. Board of Education of Topeka, 347 U.S. 483; IDEA; and State privacy laws Protection of Pupil Rights Amendment (PPRA); The Right of Privacy; Equal Educational Opportunities Ac[t]." (Compl. at 4.)

6

request the following relief: "Direct district to enroll [S.D] in classes. Financial restitution for the harassment from 2016 until present. Compensatory tutoring for children. Family counseling. Punitive and/or exemplary damages, we believe appropriate." (Id. at 4.) Plaintiffs also filed an application for an order to show cause asking the Court to direct Defendants to allow S.D. to enroll in the School District. (Id.) In the application, Plaintiffs further allege that S.D. has become "behind with schoolwork and the lack of socialization with those familiar - teachers and classmates" and has not been allowed to participate in a school recital. (ECF No. 3.) They also claim that the "school district has exploited our children's education record, surveilling family and friends, thereby threatening our stability for shelter." (Id.)

## II. DISCUSSION

### A. Standard of Review

"When, as here, a preliminary injunction 'will affect government action taken in the public interest pursuant to a statute or regulatory scheme,' the moving party must demonstrate (1) irreparable harm absent injunctive relief, (2) a likelihood of success on the merits, and (3) public interest weighing in favor of granting the injunction." Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton, 841 F.3d 133, 143 (2d Cir. 2016) (quoting Red Earth LLC v. United States, 657 F.3d 138, 143 (2d Cir. 2011)) (citations and internal quotation marks omitted). "In this Circuit, the standard for entry of a temporary restraining order is the same as for a preliminary injunction." 1077 Madison St., LLC v. Mar., No. 14-CV-4253, 2017 WL 6387616, at *2 (E.D.N.Y. Aug. 22, 2017), aff'd sub nom. 1077 Madison St., LLC v. Daniels, 954 F.3d 460 (2d Cir. 2020).

### B. Plaintiffs Have Not Met the Requirements for a Preliminary Injunction

Plaintiffs' request for a preliminary injunction or TRO must be denied because they have failed to show a likelihood of success on the merits.

7

The Court assumes that the McKinney-Vento Act provides a private right of action that permits Plaintiffs to bring the instant suit. See Nat'l Law Ctr. on Homelessness & Poverty, R.I. v. New York, 224 F.R.D. 314, 321 (E.D.N.Y. 2004) (finding that the plaintiffs could "maintain an action under section 1983 to enforce provisions of the McKinney[-Vento] Act" where parents' of homeless students brought a class action alleging that enrollment and transportation procedures of school districts violated students' rights under the McKinney-Vento Act and Equal Protection Clause). Here, Plaintiffs appear to argue that their rights under McKinney-Vento were violated in three respects: (1) Plaintiffs claim that, contrary to the Commissioner Education's determination, they do, in fact, qualify as homeless under the McKinney-Vento Act; (2) that the School District's investigation of Plaintiffs was somehow improper under the McKinney-Vento Act; and (3) Defendants violated the pendency provisions of the McKinney-Vento Act by not directing the School District to enroll S.D. during the pendency of their appeal to the Appellate Division.

It is unclear exactly what the private right of action under the McKinney-Vento Act entails or what the elements of a McKinney-Vento Act cause of action are as it relates to Plaintiffs' claims. For example, as relevant to Plaintiffs' allegations, this private right of action might, in some circumstances, allow Plaintiffs to relitigate, de novo, the question of whether they are homeless. Cf. Ely v. Mobile Cty. Sch. Bd., No. 15-CV-566, 2016 WL 3188926, at *6 (S.D. Ala. May 11, 2016), (report and recommendation), adopted sub nom. Ely v. Bd. of Sch. Commissioners of Mobile Cty., Alabama, No. 15-CV-0566, 2016 WL 3189244 (S.D. Ala. June 7, 2016) ("Notably, and crucially, [plaintiff] never articulates that he was in fact homeless – a fundamental element to a claim under the McKinney-Vento Act.") Alternatively, this private right of action might be more limited in fashion. Defendants—who argue that the Rooker-Feldman doctrine[2], collateral

---

[2] It is ultimately unnecessary for the Court to address Defendants' Rooker-Feldman argument because the Court denies the request for a preliminary injunction or TRO on other grounds.

estoppel, and res judicata preclude Plaintiffs' claims here—do not attempt to articulate the precise parameters of Plaintiffs' cause of action. It is ultimately unnecessary for this Court to do so either.

### 1. Plaintiffs' Claim that They are Homeless

With respect to Plaintiffs' claim that they are homeless, the Court assumes, for the sake of argument, that McKinney-Vento's private right of action might permit a plaintiff, in some circumstances, to litigate, de novo, the question of whether they are homeless. Plaintiffs, however, have not shown a likelihood of success because: (1) Plaintiffs are collaterally estopped from relitigating this issue; and (2) even if collateral estoppel does not apply, Plaintiffs' papers do not establish that they are likely to success in showing that they are, in fact, homeless.

Even if McKinney-Vento's private right of action might, in some circumstances, permit a plaintiff to litigate the issue of homelessness de novo, collateral estoppel likely applies to the Commissioner of Education's finding that Plaintiffs are not homeless and likely precludes Plaintiffs from re-litigating that issue in this action. "Pursuant to the Full Faith and Credit statute, 28 U.S.C. § 1738, federal courts are required to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." United States v. E. River Hous. Corp., 90 F. Supp. 3d 118, 139 (S.D.N.Y. 2015) (internal citation and quotation marks omitted). In New York, the doctrine of collateral estoppel is "applicable to give conclusive effect to the quasi-judicial determinations of administrative agencies . . . when rendered pursuant to the adjudicatory authority of an agency to decide cases brought before its tribunals employing procedures substantially similar to those used in a court of law." Id. at 140 (quoting Ryan v. New York Tel. Co., 62 N.Y.2d 494, 499, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984)). With regard to an Article 78 proceeding, "[a] judgment pursuant to Article 78 precludes relitigation of the issues already decided in that earlier judgment." Roth v.

9

Cty. of Nassau, No. 15-CV-6358, 2018 WL 6539402, at *6 (E.D.N.Y. Mar. 27, 2018), aff'd, 747 F. App'x 891 (2d Cir. 2019).  Accordingly, because of the collateral estoppel effect of the Commissioner of Education's findings, Plaintiffs cannot show that they are likely to prevail on their injunctive relief claim premised on their argument that they are, in fact, homeless.[3]

Even if collateral estoppel did not apply, Plaintiffs cannot show that are likely to ultimately prevail in establishing that they are, in fact, homeless.  The Supreme Court, Albany County already found that the record amply supported the Commissioner of Education's decision that Plaintiffs' children were not homeless under the McKinney-Vento Act.  (2020 State Court Decision at 11.)  In making to this finding, the Court relied on Donna M. Dukes' own statements during the residency meeting that their living situation was suitable and livable, the findings of a private investigator that the family resided in their own apartment in Melville, and the fact that Plaintiffs failed to provide documentation supporting the contention that the family was homeless.  (Id. at 7-9.)  Plaintiffs have provided this Court with no evidence, beyond vague and conclusory allegations, to dispute that finding.  (See e.g., ECF No. 3-1 at 3 ("The children are McKinney-Vento eligible . . . [c]onsidering that we have numerous hardships we believe both the district and New York State Commissioner [are] wrong"); see also id. at 7 ("We do not have a fixed, regular, or adequate home to live in at this point . . . we qualify because of economic hardship")).

### 2. The School District's Investigation

Reading Plaintiffs' complaint liberally, Plaintiffs also seem to allege that the School District or Commissioner of Education acted improperly in requesting certain information, stating: "[i]t is wrong to require such as landlord letters, receipts, home visit of people who have provided

---

[3] Depending on the precise contours of a McKinney-Vento Act private right of action, the collateral estoppel and res judicata effects of the 2020 State Court Decision of Plaintiff's Article 78 proceeding might have preclusive effect on Plaintiffs' claims in other respects.

shelter . . ." (Compl. at 6.)  To the extent Plaintiffs attempt to make claims regarding the School District's investigation into whether the children were in fact homeless, the 2020 State Court Decision already addressed this issue, finding that:

> a school district may require a parent or legal guardian to furnish information such as a copy of a residential lease and statements by third parties or other forms of information regarding a parent's physical presence within the district . . . Thus, the School District properly and reasonably requested the names and addresses of family members with whom the Petitioners reportedly resided.

(2020 State Court Decision at 8) (internal citations omitted.)  The 2020 State Court Decision also noted that "[c]ontrary to the [Plaintiffs'] contention, the investigator's surveillance was not illegal and could be properly considered by the Commissioner." (Id. at 10.)  With regard to an Article 78 proceeding, "[a] judgment pursuant to Article 78 precludes relitigation of the issues already decided in that earlier judgment."  Roth v. Cty. of Nassau, No. 15-CV-6358, 2018 WL 6539402, at *6 (E.D.N.Y. Mar. 27, 2018), aff'd, 747 F. App'x 891 (2d Cir. 2019).  Therefore, the doctrine of collateral estoppel precludes this Court from relitigating the issue of whether the School District acted improperly in their investigation, or the Commissioner of Education could consider the investigator's surveillance in making a determination.

Finally, any claims for injunctive relief that Plaintiffs pursued (or could have raised, but failed to raise), in their Article 78 proceedings are barred by res judicata. Because res judicata applies to all such claims for injunctive relief, Plaintiffs cannot show that they are likely to prevail on their claims for injunctive relief.[4]

---

[4] Additionally, the Appellate Division's denial of Plaintiffs' request for injunctive relief pending the outcome of the appeal of the State Court Decision further suggests that Plaintiffs are not likely to prevail on the merits of their injunctive relief claims.  (ECF Nos. 13, 16.)

11

### 3. Pendency Provisions

Plaintiffs appear to argue that they should be granted a preliminary injunction based on the pendency provisions of the McKinney-Vento Act and Education Law § 3209. That argument is also unavailing because it is barred by the doctrine of res judicata. Res judicata applies when there was: (1) a previous action that resulted in a final adjudication on the merits, (2) the party against whom res judicata is to be invoked was party to the previous action or in privity with a party to that action, and (3) the claims involved in the current case were, or could have been, raised in the previous action. Swiatkowski, 745 F. Supp. 2d at 171 (quoting Whelton v. Educ. Credit Mgmt. Corp., 432 F.3d 150, 155 (2d Cir. 2005)). "It is well-settled that Article 78 proceedings constitute 'an adjudication on the merits' for purposes of a res judicata analysis." Miller v. City of New York, No. 17-CV-4198, 2019 WL 2164100, at *2 (E.D.N.Y. May 10, 2019); see also Singh v. City of New York, No. 19-CV-5030, 2020 WL 5752157, at *8 (E.D.N.Y. Sept. 24, 2020) (explaining that a plaintiff's claims for injunctive relief were barred by res judicata because they could have been raised in a prior Article 78 proceeding, but plaintiff's claims for money damages were not barred by res judicata).

First, the State Court Decision's dismissal of Plaintiff's Article 78 proceeding is a final adjudication on the merits. That an appeal of the 2020 State Court Decision is currently pending is irrelevant for purposes of res judicata. "Under New York law . . . the mere pendency of an appeal does not deprive a challenged judgment of its res judicata effects." Antonious v. Muhammad, 873 F. Supp. 817, 823–24 (S.D.N.Y. 1995), aff'd, 8 F. App'x 78 (2d Cir. 2001). Second, the parties in this action are the same as those in the Article 78 proceeding. Third, in the Article 78 proceeding, Plaintiffs claimed that they were entitled to an order directing the School District to enroll S.D., pending the outcome of the Article 78 proceeding in state court. The

12

Supreme Court, Albany County granted this stay during the pending of the case, but then vacated the stay upon the dismissal of the Article 78 proceeding on the merits. Plaintiffs could have advanced a claim before the Supreme Court that they were entitled, under McKinney-Vento's pendency provisions, to a stay that included any appeal of the Commissioner of Education's decision to the Appellate Division. Plaintiffs, however, apparently never advanced that claim for injunctive relief before the Supreme Court. Accordingly, any request for injunctive relief by Plaintiffs based on a claim that McKinney-Vento's pendency provision required a stay during the pendency of their state court appeal to the Appellate Division is barred by res judicata.[5]

Therefore, because Plaintiffs have not shown that they are likely to succeed on the merits, and their request for injunctive relief pursuant to the pendency provisions is barred by res judicata, their request for a preliminary injunction or TRO is denied.

### III.   CONCLUSION

For the reasons set forth above, Plaintiffs' request for a preliminary injunction or temporary restraining order is **DENIED**.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**
Dated: January 29, 2021
Central Islip, New York

                                                /s/ (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE

---

[5] Additionally, once the Appellate Division decides Plaintiffs' appeal, the Appellate Division's determination that Plaintiffs were not entitled, under the relevant pendency provisions, to a stay pending appeal may also collaterally estop the Plaintiffs from pursuing their claim based on the pendency provisions.